HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA STEDMAN, | CASE NO. C17-5049 RBL |
| Plaintiff, | ORDER GRANTING MOTION TO TRANSFER FORUM |
| v. | |
| MCADAMS'S FISH, LLC, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Defendant's Motion to Transfer Forum [Dkt. 29]. Plaintiff Joshua Stedman filed this lawsuit for unpaid wages stemming from his termination as Captain of Defendants commercial fishing vessel, the F/V Charlotte M. Defendants assert that the parties' Independent Contractor Agreement contains a valid forum-selection clause which requires adjudication of any dispute arising out of the agreement in the U.S. District Court for the Southern District of California. Stedman contends that the forum-selection clause is unreasonable because the contract was not executed until after he began his employment and the relevant events giving rise to his claim occurred in Westport, Washington where the Charlotte M. was docked.[1]

---

[1] The Court is unimpressed with Plaintiff's Counsel's blaming his failure to timely file his opposition brief on his paralegal. Nonetheless, the Court granted Stedman's motion for relief from deadline and evaluates the motion to transfer on the merits. *See* Dkt. 36.

ORDER GRANTING MOTION TO TRANSFER
FORUM - 1

The forum-selection clause at issue provides, "[a]ny action or proceeding in connection with or arising out of this agreement shall be commenced and maintained only in the San Diego Judicial District, County of San Diego, California."[2] Dkt. 19-1 at 6. 28 U.S.C. § 1404(a) permits a district court to transfer a civil action to any other district where it might have been brought or to where all parties have consented. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const.*, 134 S. Ct. at 581.

After reviewing the parties' briefings, the Court concludes that this case does not present exceptional factors which would justify denying the motion to transfer. Although Stedman is a Washington resident and many of the events giving rise to his lawsuit occurred in Washington, the presence of a valid forum-selection clause in the employment contract tips the balance in favor of litigating the dispute in the parties' agreed to forum. *Id.* at 581–82. Stedman has not met his burden of establishing that a transfer to Southern District of California is unwarranted.[3] Accordingly, Defendants' motion to transfer the case [Dkt. 29] is **GRANTED**.

---

[2] Although the forum-selection clause provides jurisdiction in the San Diego Judicial District, Defendants request a transfer to the U.S. District Court for the Southern District of California because Stedman relies on 28 U.S.C. § 1333 which provides exclusive federal district court jurisdiction over admiralty and maritime cases. The Court's analysis is the same regardless of whether the transferee forum is a federal or state court. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013) ("And because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.").

[3] Stedman's reliance on *Anderson v. Northcoast Seafood Processors, Inc.*, 1996 A.M.C. 1339 (D. Ak. 1995), is unpersuasive. In addition to being decided prior to *Atl. Marine Const.*, in *Anderson*, the district court relied heavily on plaintiff's assertion that he lacked the financial ability to pursue his claims in the forum specified by the employment contract. Stedman makes no such assertion in his unsigned and undated Declaration. *See* Dkt. 33 at 6–7.

1 | The Clerk shall TRANSFER this matter to the United States District Court for the
2 | Southern District of California.

IT IS SO ORDERED.

Dated this 29th day of December, 2017.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge